FILED14 SEP '11 9:19USDC-ORP

Bradley M. Ganz, OSB 94076
Lloyd L. Pollard II, OSB 07490
Ganz Law, P.C.
P.O. Box 2200
163 SE 2nd Avenue
Hillsboro, OR 97124
(503) 844-9009
Facsimile (503) 296-2172
mail@ganzlaw.com

Attorneys for Plaintiff Select Retrieval, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| SELECT RETRIEVAL, LLC,<br><br>　　　　　　　　Plaintiff<br><br>v.<br><br>ALTREC, INC.; ADIDAS AMERICA, INC.; ADIDAS AG; AMAZON.COM, INC.; BAG BORROW OR STEAL, INC.; COSTCO WHOLESALE CORPORATION; EVOLUCION INNOVATIONS, INC.; ISTORES, INC.; MOTORCYCLE SUPERSTORE, INC.; MUSICIAN'S FRIEND, INC.; NORDSTROM, INC.; OAKLEY, INC.; SIERRA TRADING POST INC.; SUR LA TABLE, INC.; GERLER AND SON, INC.; HUPPIN'S HI-FI PHOTO & VIDEO, INC.; DRUGSTORE.COM, INC.; HARRY AND DAVID HOLDINGS, INC.; AND T-MOBILE USA, INC.,<br><br>　　　　　　　　Defendants. | CV '11 - 1104 - AA<br>Civil Action No. _____<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Select Retrieval, LLC ("Select Retrieval" or "Plaintiff"), by way of Complaint against defendants Altrec, Inc.; Adidas America, Inc.; Adidas AG; Amazon.com, Inc.; Bag Borrow or Steal, Inc.; Costco Wholesale Corporation; Evolucion Innovations, Inc.; iStores, Inc.; Motorcycle Superstore, Inc.; Musician's Friend, Inc.; Nordstrom, Inc.; Oakley, Inc.; Sierra Trading Post Inc.; Sur La Table, Inc.; Gerler and Son, Inc.; Huppin's Hi-Fi Photo & Video, Inc.; drugstore.com, Inc.; Harry and David Holdings, Inc.; and T-Mobile USA, Inc. (collectively "defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE PARTIES

2. Plaintiff Select Retrieval is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

3. Defendant Altrec, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 725 S.W. Umatilla Avenue, Redmond, Oregon 97756-7117 and a registered agent for service of process at Michael Morford, 725 S.W. Umatilla Avenue, Redmond, Oregon 97756-7117.

4. Defendant Adidas America, Inc. is a corporation organized under the laws of Oregon with its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217, and a registered agent for service of process at DWT Oregon Corporation, 1300 SW 5th Avenue, Suite 2300, Portland, Oregon 97201-5630.

5. Defendant Adidas AG is a joint stock company organized under the laws of the Federal Republic of Germany with a principal place of business at Adi-Dassler-Strasse 1, D-91074, Herzogenaurach, Germany.

6. Defendant Amazon.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1200 12th Avenue South, Suite 200, Seattle, Washington 98144, and a registered agent for service of process at Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501-7719.

7. Defendant Bag Borrow or Steal, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1118 Post Avenue, Seattle, Washington 98101, and a registered agent for service of process at National Registered Agents, Inc., 1780 Barnes Boulevard SW, Building G, Tumwater, Washington 98512-0410.

8. Defendant Costco Wholesale Corporation is a corporation organized under the laws of Washington with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027, and a registered agent for service of process at CT Corporation System, 388 State Street, Suite 420, Salem, Oregon 97301-3581.

9. Defendant Evolucion Innovations, Inc. is a corporation organized under the laws of Washington with its principal place of business at 122 NW 36th Street, Seattle, Washington 98107, and a registered agent for service of process at CT Corporation System, 1801 Werst Bay Drive NW, Suite 206, Olympia, Washington 98502.

10. Defendant iStores, Inc. is a corporation organized under the laws of Washington with its principal place of business at 1212 West 4th Plain Blvd., Vancouver, Washington 98660-2023, and a registered agent for service of process at Adam H. Stites, 1212 West 4th Plain Blvd., Vancouver, Washington 98660-2023.

11. Defendant Motorcycle Superstore, Inc. is a corporation organized under the laws of Oregon with its principal place of business at 1555 E. McAndrews Road, Suite 200, Medford, Oregon 97504-5568, and a registered agent for service of process at TT Administrative Services, LLC, 888 SW 5th Avenue, Suite 1600, Portland, Oregon 97204-2012.

12. Defendant Musician's Friend, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 931 Chevy Way, Medford, Oregon 97504, and a registered agent for service of process at CT Corporation System, 388 State Street, Suite 420, Salem, Oregon 97301-3581.

13. Defendant Nordstrom, Inc. is a corporation organized under the laws of Washington with its principal place of business at 1617 6th Avenue, Seattle, Washington 98101, and a registered agent for service of process at CT Corporation System, 388 State Street, Suite 420, Salem, Oregon 97301-3581.

14. Defendant Oakley, Inc. is a corporation organized under the laws of Washington with its principal place of business at 1 Icon, Foothill Ranch, California 92610, and a registered agent for service of process at National Registered Agents, Inc., 1780 Barnes Boulevard SW, Building G, Tumwater, Washington 98512-0410.

15. Defendant Sierra Trading Post Inc. is a corporation organized under the laws of Wyoming with its principal place of business at 5025 Campstool Road, Cheyenne, Wyoming, 82007-1816, and a registered agent for service of process at Gary Imig, 5025 Campstool Road, Cheyenne, Wyoming, 82007-1816.

16. Defendant Sur La Table, Inc. is a corporation organized under the laws of Washington with its principal place of business at 5701 6th Avenue South, Suite 486, Seattle,

Washington 98108, and a registered agent for service of process at Business Filings Incorporated, 388 State Street, Suite 420, Salem, Oregon 97301-3581.

17.     Defendant Gerler and Son, Inc. is a corporation organized under the laws of Washington with its principal place of business at 1730 Minor Avenue, Suite 700, Seattle, Washington 98101-1481, and a registered agent for service of process at Daniel Gerler, 1730 Minor Avenue, Suite 700, Seattle, Washington 98101-1481.

18.     Defendant Huppin's Hi-Fi Photo & Video, Inc. is a corporation organized under the laws of Washington with its principal place of business at 229 N. Ella Road, Spokane, Washington 99212, and a registered agent for service of process at Joel D. Huppin, 421 W. Main Avenue, Spokane, Washington 99201-0213.

19.     Defendant drugstore.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 411 108th Avenue NE, Suite 1400, Bellevue, Washington 98004, and a registered agent for service of process at Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501-7719.

20.     Defendant Harry and David Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 2500 S. Pacific Hwy., Medford, Oregon 97501, and a registered agent for service of process at Corporation Service Company, 285 Liberty Street NE, Salem, Oregon 97301-3865.

21.     Defendant T-Mobile USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006-1350, and a registered agent for service of process at Corporation Service Company, 285 Liberty Street NE, Salem, Oregon 97301-3865.

## JURISDICTION AND VENUE

22.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

23.     Defendants directly or through intermediaries, make, use, distribute, offer for sale or license, and advertise their products and services on the Internet using methods and instrumentalities that infringe the patents-in-suit, as is alleged below. Defendants use, and/or direct, induce or instruct their agents, employees, customers, or contracting entities to use such infringing methods and instrumentalities, as is alleged below. On information and belief, defendants conduct business in this Judicial District and have committed acts of patent infringement in this Judicial District including, *inter alia*, importing, making, using, offering for sale, and/or selling products and services on the Internet using infringing methods and instrumentalities in this Judicial District. On information and belief, defendants have contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

24.     On information and belief, defendants have ongoing and systematic contacts with this Judicial District and the United States. Defendants have purposefully placed and/or used infringing methods and instrumentalities on the Internet to sell products and/or services, knowing and expecting that such products and/or services would be used and/or sold on the Internet through infringing methods and instrumentalities by customers in the State of Oregon.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,128,617

25. Select Retrieval repeats and re-alleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. On October 3, 2000, United States Patent No. 6,128,617 (hereinafter referred to as the "'617 Patent"), entitled DATA DISPLAY SOFTWARE WITH ACTIONS AND LINKS INTEGRATED WITH INFORMATION, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '617 Patent is attached as Exhibit A to this Complaint.

27. Select Retrieval is the assignee and owner of the right, title, and interest in and to the '617 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

28. Without license or authorization, defendants are and have been directly and indirectly infringing the '617 Patent, and contributing to and actively inducing the infringement of said patent by others, in the United States by making, using, selling, offering for sale or license, advertising and/or importing in the United States, including within this judicial district, their products and services on the Internet using methods and instrumentalities that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

29. With the exceptions of Adidas AG, Amazon.com, Inc., Costco Wholesale Corporation, drugstore.com, Inc., Musician's Friend, Inc., Nordstrom, Inc., Sierra Trading Post Inc., and T-Mobile USA, Inc., defendants have had knowledge of and/or been aware of the '617 Patent since at least August 29, 2011, when, in a letter sent via first class mail, Select Retrieval informed Adidas America, Inc., Harry and David Holdings, Inc., Motorcycle Superstore, Inc.,

Oakley, Inc., Gerler and Son, Inc., and Huppin's Hi-Fi Photo & Video, Inc. of their infringement of the '617 Patent and requested that defendants license the '617 Patent to mitigate their continued infringement. Defendants Altrec, Inc., Bag Borrow or Steal, Inc., Evolucion Innovations, Inc., iStores, Inc., and Sur La Table, Inc. have had knowledge of and/or been aware of the '617 Patent since at least August 19, 2011, when, in a letter sent via first class mail, Select Retrieval informed those defendants of their infringement of the '617 Patent and requested that they license the '617 Patent in order to mitigate their continued infringement.

30. On information and belief, defendants' infringement of the '617 Patent has been and continues to be willful and deliberate.

31. Select Retrieval has been damaged by defendants' infringing activities.

## JURY DEMAND

32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Select Retrieval demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Select Retrieval respectfully demands judgment for itself and against defendants as follows:

a. That this Court adjudge that defendants have infringed the '617 Patent;

b. That this Court ascertain and award Select Retrieval damages sufficient to compensate it for the above infringement, and that the damages so ascertained be awarded to Select Retrieval with interest;

c. That this Court find this case to be exceptional and award Select Retrieval its attorneys' fees, costs, and expenses in this action;

      d.    That this Court order an accounting of all infringing sales including, but not limited to, those sales not presented at trial, and award Select Retrieval damages for any such sales; and

      e.    That this Court award Select Retrieval such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 14, 2011

Lloyd L. Pollard, II, OSB 07490

Ganz Law, PC
163 SE 2nd Avenue
Hillsboro, Oregon 97123
(503) 844-9009
mail@ganzlaw.com

*Attorneys for Plaintiff Select Retrieval, LLC*