IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SELECT RETRIEVAL, LLC,

    Plaintiffs,

v.

ALTREC, INC., et al.,

    Defendants.

Case No. 3:11-cv-1104-AA

OPINION AND ORDER

Aiken, Chief Judge:

    Plaintiff filed suit against numerous defendants alleging patent infringement of United States Patent No. 6,128,617 (the '617 Patent) relating to data display software. Intervenor-applicant Adobe Systems, Inc. (Adobe) seeks leave to intervene as of right or permissively for the limited purpose of requesting a severance and stay of plaintiff's claim against defendant Evolucion Innovations, Inc. (Evolucion), an Adobe customer, pending a declaratory action

1 - OPINION AND ORDER

brought by Adobe against plaintiff in the Southern District of California.[1] No defendant opposes the motion; however, plaintiff opposes Adobe's motion on grounds that it fails to meet the criteria of Federal Rule of Procedure 24 and that severance and a stay are not warranted. Based on the record currently before the court, I agree.

DISCUSSION

To intervene as of right under Rule 24(a)(2), an applicant must establish: 1) the timeliness of the intervention application; 2) a significant protectable interest relating to the property or transaction that is the subject of the action; 3) that disposition of the action may impair or impede the applicant's ability to protect its interest; and 4) the inadequacy of representation by the existing parties. Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." Id. Plaintiff contends that Adobe meets none of these requirements.

Plaintiff emphasizes that Adobe's motion was filed more than one year after plaintiff originally filed suit. Further, plaintiff

---

[1] When Adobe filed this motion, it also sought severance and stay of plaintiff's claim against defendant Gerler and Son, Inc., also an Adobe customer. Since that time, plaintiff's claim against Gerler and Son, Inc. has been resolved. See doc. 261 (Stipulation of Dismissal).

2 - OPINION AND ORDER

argues that Adobe fails to assert a significant protectable interest that could be affected in this case, given that plaintiff's claim against Evolucion does not reference and may not implicate Adobe technology. Finally, plaintiff maintains that Evolucion can provide an adequate defense of Adobe's interests.

I find that intervention hinges on the second element: whether Adobe can establish a significant protectable interest in this action. Though Adobe could have filed its motion sooner, no substantive motions have been filed in this case and it remains in the discovery phase. Further, if Adobe possesses a significant protectable interest in this action (i.e., its technology), common sense dictates that Adobe's ability to protect its technology against infringement claims could be impaired by this action and that Evolucion would not adequately represent Adobe's interest as the developer of the technology.

To show a significant protectable interest, Adobe must establish an interest protected under some law and a relationship between its legally protected interest and plaintiff's claim against Evolucion. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998). Presumably, Adobe's technology is protected by law; the question remains whether a relationship exists between Adobe technology and plaintiff's infringement claim against Evolucion. In the Ninth Circuit, "[w]hether an applicant for intervention demonstrates sufficient interest in an action is a practical,

3 - OPINION AND ORDER

threshold inquiry." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001) (quoting Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." Donnelly, 159 F.3d at 410.

Plaintiff alleges that Evolucion is infringing the '617 patent "by making, using, owning, operating and/or maintaining one or more websites, including but not limited to, www.evo.com, that embody the inventions claimed in the '617 Patent." First Am. Compl. ¶ 31. Adobe argues that plaintiff's claim necessarily implicates the Adobe technology utilized by Evolucion. Adobe primarily relies on plaintiff's assertion in a different case that "many of the defendants in this action employ overlapping vendors and/or suppliers of the infringing functionality used on their websites. Upon information and belief, such vendors and/or suppliers include, but are not limited to, Endeca and Adobe Omniture." DeMarchi Decl. (doc. 225) Ex. H at 19. Adobe also relies on Evolucion's request for a defense from Adobe which stated that "Select Retrieval has confirmed that its patent infl1ngement claim arises solely out of Evo's operation of its website. Evo exclusively uses Adobe's Online Marketing Suite to provide the features of Evo's website claimed by Select Retrieval." Hammond Decl. Ex. A at 2.

However, I do not find that these statements suffice to

4 - OPINION AND ORDER

establish a relationship in this case between plaintiff's claim of infringement and Adobe's technology. In this case, plaintiff has not reiterated the assertion that Adobe provides the "infringing functionality" used on Evolucion's website. Rather, plaintiff asserts:

> [I]nfringement of the '617 patent is based on how each defendant implements various systems and methods, including, for example, the use of database software and structures that are likely unrelated to the Adobe Digital Marketing Software, as well as, potentially, software provided by other vendors or by the defendants themselves.

Pl.'s Response at 7. Plaintiff also notes that Adobe presents no evidence that it is obligated to defend or indemnify Evolucion. Notably, Evolucion has not responded to plaintiff's motion to confirm that the allegedly infringing aspect of its website relies, even in part, on Adobe technology. In other words, perhaps a relationship exists between plaintiff's claim and Adobe technology, and perhaps not. Absent additional evidence showing such a relationship, I deny Adobe's request for intervention of right or for permissive intervention. See Fed. R. Civ. P. 24(b)(1)(B) (permissive intervention requires common questions of law or fact).

Should further discovery reveal more than a speculative connection between plaintiff's claim and Adobe's technology, I will entertain a renewal of Adobe's motion for intervention. Regardless, Adobe must present a far more compelling case to support severance and/or stay of plaintiff's claim against Evolucion. The court is

5 - OPINION AND ORDER

not inclined to grant a motion to sever brought on behalf of another party, particularly when the current evidence of record does not show that Adobe's declaratory judgment action would resolve or affect plaintiff's claim against Evolucion.

## CONCLUSION

For the reasons set forth above, Adobe's Motion and Amended Motion to Intervene, Sever and Stay Proceedings (docs. 223, 249) are DENIED with leave to renew.

IT IS SO ORDERED.

Dated this 29 day of January, 2013.

_____
Ann Aiken
United States District Judge

6 - OPINION AND ORDER